Lin v. Lynch

BIA
Poczter, IJ
A201 020 782

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand sixteen.

PRESENT:
>    ROSEMARY S. POOLER,
>    BARRINGTON D. PARKER,
>    DENNY CHIN,
>        *Circuit Judges.*

_____

SHI CHUN LIN,
>        *Petitioner,*

>    v.

>                                              13-3881
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*

_____

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

FOR PETITIONER:                     Michael Brown, Law Office of
                                    Michael A.O. Brown, New York,
                                    New York.

FOR RESPONDENT:                     Stuart F. Delery, Assistant
                                    Attorney General; Russell
                                    J.E. Verby, Senior Litigation
                                    Counsel; Tim Ramnitz,
                                    Attorney; Office of
                                    Immigration Litigation, U.S.
                                    Department of Justice,
                                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shi Chun Lin, a native and citizen of China, seeks review of a September 26, 2013, decision of the BIA affirming a July 31, 2012, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Chun Lin*, No. A201 020 782 (B.I.A. Sept. 26, 2013), *aff'g* No. A201 020 782 (Immig. Ct. N.Y. City July 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable

2

standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167.  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Substantial evidence supports the IJ's finding that Lin was not credible.

The IJ's credibility determination was properly based on Lin's inconsistent testimony.  Lin testified inconsistently with respect to when his biological child was born, when his wife was taken for forcible sterilization, who introduced him to Christianity, which Christian holiday he celebrated most

3

recently, and how often he attends church.  The IJ considered and reasonably rejected Lin's explanations for these inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency need not credit applicant's explanations for inconsistent testimony unless those explanations would compel reasonable fact-finder to do so). Lin explained his inconsistencies with nonresponsive answers, by stating that he misspoke, and by apologizing; the IJ reasonably rejected these purported explanations.  *Id.*

The IJ's credibility determination was further supported by Lin's demeanor.  "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). Accordingly, we give "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor."  *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).  The record supports the IJ's findings that Lin was nonresponsive to some questions and that there were long pauses in his testimony.  Because the IJ was best positioned to assess Lin's manner while testifying, we defer to the agency on this point.  *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other*

4

*grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

The IJ's credibility determination was also properly based on Lin's failure to provide corroboration. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(per curiam). Having called into question the credibility of Lin's testimony regarding his practice of Christianity in the United States, the IJ reasonably relied on Lin's failure to offer the testimony of his pastor or written statements or testimony from fellow church members. Lin contends that the demand for such evidence was unreasonable because, as he explained at the hearing, although his pastor was unwilling to appear, Lin had provided a letter with the telephone number at which the pastor could be contacted. Thus, the BIA's statement that Lin "did not proffer . . . any written statements from the pastor" is incorrect. Nevertheless, remand for further proceedings would be futile because the agency would likely reach the same decision absent this statement in light of the numerous inconsistencies and negative demeanor finding. *See Xiao Ji Chen v. U.S Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (explaining that "[t]he overarching test for deeming a remand futile" is whether "the reviewing court can 'confidently

5

predict' that the agency would reach the same decision absent the errors that were made" (citation omitted)).  Moreover, the pastor's letter does not resolve the inconsistencies regarding Lin's church attendance or the Christian holiday he celebrated most recently, as it merely states Lin's baptism date and that he attends church.

Given the inconsistent testimony, problematic demeanor, and lack of corroborating evidence, the "totality of the circumstances" supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.  Lin's argument, that the inconsistencies are too insignificant to form the basis of an adverse credibility determination, is misplaced.  First, the REAL ID Act allows the agency to base a credibility determination on "*any* inconsistency."  *Id.* (emphasis in original).  Nevertheless, the inconsistencies at issue here go to the heart of Lin's claim, calling into question whether Lin ever violated the family planning policy, was or currently is a Christian, and, in turn, suffered the persecution he alleged.  As all of Lin's claims share the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7